

FILED
SUPERIOR COURT
OF GUAM

2013 JAN -9 PM 2: 49

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

JESSE MICHAEL A. LUJAN, )
                        )
               Plaintiff, )
                        )
     vs.                )
                        )
JEFF MARCHESSEAULT, KTKB DIGITAL )
MEDIA CORPORATION and coconspirators )
DOES 1 through 9, )
                        )
                        )
               Defendants. )

Civil Case no. CV0861-10

**DECISION AND ORDER**
re: Motion to Strike and Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 26, 2012. The Plaintiff ("Lujan") was represented by attorney Curtis C. Van de veld. Defendant Marianas Media investors, Inc. ("MMI") was represented by attorney Delia Lujan Wolff. After considering the matters presented, the court now issues the following decision and order granting Defendant MMI's motion to dismiss.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on June 3, 2010. In the complaint Plaintiff asserts a claim for defamation by libel and slander and/or negligent defamation. The complaint alleges that Defendants caused to be published, in a televised news broadcast, a picture of Plaintiff and statements imputing that Plaintiff was in contempt of court for failing to make payments to Bernadita Duenas in the mount of $300.00 per month.[1] The Complaint named a Defendant Doe One. Subsequently, on November 14, 2011, Plaintiff Lujan designated MMI as Defendant Doe One and served the summons and complaint on MMI.

---

[1] The statement also allegedly asserted that Plaintiff owes Bernadita Duenas more than $17,000.00.

## DISCUSSION

Defendant moves the Court to strike the summons and dismiss MMI because the Plaintiff has not properly designated Defendant DOE One under 7 G.C.A. § 15801 by not first moving the court to amend his pleading to add MMI as Defendant Doe One pursuant to GRCP rules 15(a) and 21. Defendant asserts that because the pleadings were filed without prior Court permission, the summons must be stricken and MMI dismissed. Additionally, Defendant argues the delay between the filing of the complaint and the subsequent service of the summons on MMI of over seventeen months warrants dismissal pursuant to Rule 41(b) for failure to prosecute.

Plaintiff opposes the motion and submits that Plaintiff's Designation of Defendant Doe One complies with Guam law and is the proper method of doing so. Plaintiff cites to California case law for the proposition that no prior court permission in necessary. Plaintiff also argues that Guam's version of California Section 581 allows service of the complaint up to 3 years after its filing. Alternatively, Guam Rules of Procedure Rule 4(m) allows the Court to permit service of the summons after 180 days for "good cause". Plaintiff summarily states good cause exists.

Guam Law allows an action against unknown parties.

**§ 15801. Suing a Party by a Fictitious Name.**
When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly.

Upon identifying the unknown Defendant, the Court holds that Designation of Defendant Doe One in the manner done by the plaintiff complies with the Rules and prior permission of the Court to Amend the pleadings is not necessary. California cases are persuasive and the manner of notifying the parties of the name of the Defendant under California law is sound.

The remaining issue is whether MMI is entitled to dismissal pursuant to 41(e) or 4(m) for failure to serve the summons within 180 days after the filing of the complaint or for failure to

prosecute the complaint against MMI by failing to identify it as a defendant and serve it with the complaint for over seventeen months.

The Supreme Court has determined that Rule 41(b) is a proper docket management tool and that dismissal may be proper in certain situation. Santos v. Carney, MDI Guam Corp., Dai-Tokyo Inc. Co., 1997 Guam 4 (March 20, 1997). The Supreme Court of Guam in Santos employed a five factor test to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in quick resolution of litigation; (2) the courts need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy of favoring disposition of cases on its merits; and (5) the availability of less drastic sanctions.

The Complaint in this matter was filed on June 3rd, 2010. The parties submitted a proposed scheduling order on November 3rd, 2010 which set the discovery completion date as August 31, 2011. Moreover, the deadline to add parties was set as February 7th, 2011. The period of over seventeen months from the filing of the complaint until the service of the designation and summons is on its face an unreasonable delay and merits dismissal under Rule 41(a). The Designation was filed over three months after the discovery completion date and over nine months after the deadline to add parties, even though the Court holds that no motion to amend the complaint or add a party is necessary to designate a doe defendant. The only proffered defense is Plaintiff's argument in his brief (no sworn statement is filed) that he "promptly investigated to discover the potential joint owners of the defaming broadcaster". The problem with this argument is that the Plaintiff 's investigation would have been done in May and June of 2010. And, as stated by the plaintiff, the shareholders of both MMI and KTKB are similar. There does not appear to be any reason the discovery of MMI was delayed for over one year. The plaintiff admits as much when it states the source of MMI was the website of Defendant KTKB wherein it states KTKB is a division of Marianas Media. This surely would or should put Lujan on notice of the existence of the Doe Defendant's identity.

Plaintiff fails to show why a delay of seventeen months is excusable neglect. Plaintiff offers no reason for the delay nor does Plaintiff show how the delay is not prejudicial or harmless to Defendant MMI. Such extended failure to effect service of process is an especially egregious failure to prosecute. Anderson v. Air West, 542 F.2d 522, 525 (9th Cir. 1976). A one year delay in effecting service of process justifies dismissal. Id. Delay in serving a complaint is a particularly serious failure to prosecute because it affects the defendant's preparation. Id. Prejudice is clear because if service had been made promptly then Defendants would have been able to prepare a defense to Plaintiffs' claims. Id. Because Plaintiff has offered no colorable excuse to justify the seventeen month delay in designating MMI and effecting service of process, the designation should be stricken and the complaint against MMI dismissed for failure to prosecute. See Amsden v. Yamon, CV1885-95 (Super. Ct. Guam Jan. 15 ,1998).

## CONCLUSION

Plaintiff designated Defendant MMI as the true identity of Defendant Doe One on November 14, 2011, some seventeen months after the filing of the complaint. Plaintiff has failed to demonstrate good cause for the delay in identifying MMI and serving the summons and complaint upon it. Pursuant to Rule 41(b), the Court dismisses the complaint against Defendant MMI.

Trial on the remaining issues against the remaining parties is hereby set for April 29th, 2013, at 9:30 AM. Pre-trial Conference is set for April 16th, 2013, at 11:00 AM.

SO ORDERED, this 9th day of January, 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that this is a true and correct copy of the document on file in the office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JAN - 9 2013

Glenn J. Mendiola
Deputy Clerk, Superior Court of Guam

Page 4 of 4